### International & Great Northern Railway Company v. Geo. W. Bayne.

#### Decided March 13, 1902.

**1.—Railway Company—Negligence—Defective Appliance—Proximate Cause.**

Where a railway brakeman, while on a box car at night, lost his balance, and in endeavoring to regain it, struck his foot against a bolt improperly protruding from the top of the car and was thereby caused to fall and be injured, the condition of the bolt showed negligence on the part of the railway company and was the proximate cause of the injury.

**2.—Same—Contributory Negligence.**

Since the brakeman did not know of the presence there of the bolt, and could not have discovered it by the exercise of ordinary care in the discharge of his duties, he was not chargeable with contributory negligence.

Appeal from Montgomery. Tried below before Hon. L. B. Hightower.

*N. A. Stedman* and *G. H. Gould,* for appellant.

*Jacob C. Baldwin,* for appellee.

GILL, Associate Justice.—George W. Bayne brought this suit against the railway company to recover damages for personal injuries alleged to have been received by him as a result of the negligence of the

company in failing to furnish him a safe car upon which to perform his duties as brakeman or switchman while in the employ of the company.

The defendant answered by general. denial, plea of contributory negligence, assumed risk, and accord and satisfaction. A jury trial resulted in a verdict and judgment for plaintiff, from which the defendant has appealed.

The record supports the following conclusions of fact: Plaintiff was in the employ of the defendant as a switchman, and on the night of the injury he was engaged in the discharge of his duties as such in the defendant's yards at Houston, Texas. A part of his duties as switchman required him to ascend to the top of moving freight cars and set or release the brakes. On the night in question he climbed to the top of a car which the switch crew was engaged in moving, and when he reached the top of the car and stood up the car was suddenly moved, causing him to lose his balance. In moving his feet to regain his balance one of them struck against a nail, spike, or bolt which protruded from the top of the car, causing him to stumble and fall against the brakewheel, whereby he was injured and sustained damages to the amount of the verdict.

The presence of the spike or bolt at that point on the top of the car rendered its use dangerous to the employes of defendant. In failing to discover and remove it the defendant company was negligent, and the plaintiff did not know of its presence and could not have discovered it by the exercise of ordinary care in the discharge of his duty. The plaintiff's injuries were the proximate result of the negligence of the defendant and plaintiff was not guilty of contributory negligence.

The judgment is assailed on the grounds, (1) that the evidence is insufficient to support it, and (2) that the charge of the court is erroneous in failing to present the defenses pleaded. We think the evidence sufficient to support the verdict, and do not deem it necessary to review the record on this assignment.

The objections to the main charge were such as could be cured by special charges, and such special charges were given at the request of defendant as fully presented every defense urged.

We have found no reversible error in the record. The judgment therefore is in all things affirmed.

*Affirmed.*

Writ of error refused.